IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH ANN THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2685-G-BN |
| | § | |
| DALLAS INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deborah Ann Thomas filed a *pro se* complaint against her former employer, Defendant Dallas Independent School District (DISD), alleging wrongful employment practices. *See* Dkt. Nos. 3, 8. DISD moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 12, 13. Thomas responded. *See* Dkt. No. 16. And DISD replied. *See* Dkt. No. 17.

This lawsuit was then transferred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant DISD's motion and dismiss this lawsuit.

**Legal Standards**

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by

mere conclusory statements, will not suffice. *See id.*; *see also Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the

'courts to explore exhaustively all potential claims of a *pro se* plaintiff" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per

curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a

motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

Thomas, who provides that she filed a single charge with the EEOC, in September 2018, asserts claims of race and gender discrimination under Title VII of the Civil Rights Act of 1964 and age discrimination under the Age Discrimination in Employment Act (the ADEA), alleging multiple theories, including failure to promote, a hostile work environment, wrongful discharge, blacklisting, and failure to hire. *See, e.g.*, Dkt. No. 3 at 7-11.

DISD argues, under Rule 12(b)(6), that the Court should dismiss the complaint as time barred based on arguments that Thomas made in her response to the motion to dismiss; that the majority of Thomas's claims are unexhausted based on the EEOC charge that she made, which she did not attach to the complaint but which DISD attached to its motion to dismiss; and that, even if Thomas's claims are neither time barred nor unexhausted, they are not plausibly pled. *See, e.g.*, Dkt. No. 17.

DISD's first two arguments turn on the limits of Rule 12(b)(6), under which the Court cannot look beyond the pleadings except to take judicial notice under Federal Rule of Evidence 201.

First, Thomas's response to the motion to dismiss is not itself a pleading, so Thomas could not amend her claims through it. The undersigned is therefore not persuaded by DISD's limitations argument.

As to administrative exhaustion, "Title VII requires" it. *Davis v. Fort Bend*

*Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019). So does the ADEA. *See Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378-79 (5th Cir. 2019) ("To bring a suit under Title VII, the ADA (disability), or the ADEA (age), a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies." (citations omitted)).

The purpose of exhaustion "'is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws.'" *Davis*, 893 F.3d at 307 (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)). Administrative exhaustion therefore "provides an opportunity for voluntary compliance before a civil action is instituted." *Id.*

But these "charge-filing instruction[s are] not jurisdictional.... [Instead,] they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019). That is, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307 (citations omitted). And, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up).

The EEOC charge not attached to the complaint but attached to the motion to dismiss is not part of Thomas's pleadings, as the charge is not necessary to establish an element of one of her claims but is necessary to establish DISD's affirmative defense of exhaustion. *See, e.g., Griffith v. Cinepolis USA, Inc.*, No. 3:20-cv-3455-G-

BN, 2021 WL 3059412, at \*5-\*6 (N.D. Tex. June 28, 2021), *rec. accepted*, 2021 WL 3054865 (N.D. Tex. July 20, 2021); *but see Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020) ("The Supreme Court recently clarified that Title VII's claim-processing rules, while mandatory, are non-jurisdictional." Even so, "a plaintiff 'must allege compliance with the [mandatory processing rule] … in order to state a claim on which relief may be granted.'" (citations omitted)).

But Thomas does allege that she filed an EEOC charge in September 2018. *See* Dkt. No. 3 at 7. And the Court may still take judicial notice of the charge "as a matter of public record," "especially since its authenticity is uncontested," *King v. Life School*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *see id.* at 579-80 (taking judicial notice of the charge to address exhaustion raised in a motion to dismiss); *see also Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447-48 (W.D. Tex. 2013) (same (collecting cases)); *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) ("In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions." (collecting cases)). *Cf. Boshears v. Polaris Eng'g*, No. 3:22-cv-00053, 2023 WL 2844930, at \*3 (S.D. Tex. Mar. 27, 2023) (refusing to take judicial notice of the Charge Detail Inquiry where the parties disputed its application to the timeliness of plaintiff's complaint), *rec. adopted*, 2023 WL 3305165 (S.D. Tex. May 8, 2023).

Taking notice of the undisputed content of the charge, Thomas identified that, at the time, she was 55; checked only the box for age discrimination; and indicated that this discrimination took place only from March 27, 2018 to June 12, 2018, during

which time Thomas attended an internal job fair and "applied for and interviewed for Assistant Principal positions and Instructional Coach positions in person and at the job fairs." Dkt. No. 13 at 3-4.

As to claims alleged in the complaint that could be exhausted by this charge, the charge's "scope … should be construed liberally." *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). But such a construction must be weighed against the statutory goal of "trigger[ing] the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco*, 448 F.3d at 788-89. So, to attain a balance between the two, courts in this circuit interpret

> "what is properly embraced in review of a [wrongful employment practice] claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "[Courts should] engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.*

*Patton*, 874 F.3d at 443; *accord Jennings v. Towers Watson*, 11 F.4th 335, 342-43 (5th Cir. 2021).

Applying these standards, Thomas exhausted an age discrimination claim based on DISD's alleged failure to hire or to promote her. And, while Thomas argues in her response that, in September 2018, although "she wanted to file a claim for Age, Race, Gender, and Wrongful Termination Discrimination," an EEOC intake assessor insisted "that [she] could only choose one discriminatory action," Dkt. No. 16 at 5-6, this assertion appears for the first time in a response to a motion to dismiss, which

itself is not a pleading and therefore does not amend Thomas's allegations related to exhaustion, *see also Rowell v. Gestamp Ala., LLC*, No. 2:18-cv-00206-JHE, 2018 WL 4954071, at *3 (N.D. Ala. Oct. 12, 2018) (rejecting a similar argument by a *pro se* litigant at the pleadings stage as unable to "withstand scrutiny" considering that the form provides "check appropriate box(es)"; that the "particulars" section of the form allows an opportunity to articulate facts; and that, "if Rowell had additional allegations after she was told the investigation closed, preventing her from amending or supplementing her Charge, there was nothing stopping her from filing an additional EEOC Charge, which she did not").

Focusing on the administratively exhausted claim for failure to hire or promote under the ADEA, to plausibly allege (and ultimately prove) such a claim requires that Thomas either rely on direct evidence of discrimination or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

Because Thomas's exhausted allegations do not implicate direct evidence of discrimination, she must proceed under the applicable burden-shifting analysis and

first articulate a prima facie case.

"Generally, a *prima facie* ADEA case of failure to hire or promote consists of evidence that the plaintiff: (1) was within the protected class and was adversely affected; (2) was qualified for the position; and (3) the job remained open or was filled by someone younger." *Lindsey v. Prive Corp.*, 987 F.2d 324, 326-27 (5th Cir. 1993) (citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988), *abrogated on other grounds by Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 829 n.15 (5th Cir. 2022)).

As to the third element, "a prima facie showing of age discrimination does not require evidence that the position was filled by a younger person," as "[o]ther courts have concluded that evidence of a younger replacement is one way, but not the only way, of showing age discrimination." *Mitchell v. Tex. Farm Bureau*, Civ. A. No. H-20-3716, 2022 WL 1693978, at *7 (S.D. Tex. May 26, 2022) (citations omitted); *see also Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) (per curiam) (observing that the prima facie elements of a ADEA case of failure to promote are that a plaintiff (1) "was over forty, (2) was qualified for the position sought, (3) was not promoted, and (4) the position was filled by someone younger or the failure to promote was due to his age" (citing *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998))); *Saunders v. Hous. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118, at *5 (W.D. Tex. May 5, 2023) ("The prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and

4) was replaced by someone younger or treated less favorably than similarly situated younger employees." (citing *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013))).

Thomas need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)); *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) (per curiam) ("Although Stone need not plead a prima facie case, she is not exempt from her obligation to 'allege facts sufficient to state all the *elements* of her claim.'" (citations omitted)).

And Thomas "must plausibly set out facts that [DISD] 'took [an] adverse employment action against her *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*). So, in the context of an ADEA claim, "[a]t this stage of the proceedings, '[Thomas] must set forth

allegations that would enable the court to reasonably infer that [DISD] took the adverse employment action because of [her] age.'" *Culley v. McWilliams*, No. 3:20-cv-739-E-BH, 2021 WL 1799431, at *9 (N.D. Tex. Apr. 14, 2021) (quoting *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012)), *rec. accepted*, 2021 WL 1789161 (N.D. Tex. May 4, 2021).

In sum, to survive the motion to dismiss, the Court must ask whether Thomas has alleged enough facts, accepted as true, to allege an actionable claim under the ADEA for failure to hire or to promote. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if she "has not pled such facts," it is "proper[ to] dismiss" such a claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Thomas has not. That is, even if she has alleged facts to support that she is within the protected class and was neither hired nor promoted in Spring 2018, her complaint lacks allegations that raise an inference either that she was qualified or that she was treated less favorably than a similarly situated younger applicant/employee.

Thomas alleges that she "was highly qualified to serve in" the "close to 20" assistant principal positions, three campus instructional coach positions, one instructional lead/academic facilitator position, and one early childhood specialist

position that she applied for "in the spring of 2018." Dkt. No. 3 at 8. She specifically alleges the following experience as support:

> Ms. Thomas has served in 6 Instructional Coaching positions allowing the plaintiff to affect school-wide success for 12 years as a Campus Instructional Coach and as a Department Chair, including the last position with DISD. Ms. Thomas' expertise and professional experience was able to double and or even triple campus and teacher scores in the area of mathematics, leading to schools earning math distinctions and being removed from the "Needs to Improve" List (Boude Storey MS 2010 – 2013 DISD) (Several math teachers at Oliver Wendell Holmes scores doubled and tripled during my service at the school.) One previous school earned a math distinction on the state level (Martha Turner Riley ES 2013 – 2014 school term – DISD) another school earned 2nd Most Improved School in the State of Oklahoma (Springdale ES 2006 – 2007 school term in Tulsa, OK.) etc. Ms. Thomas also was a Professional Development Presenter, as an Independent Contractor (Howard ES in AR 2005 – 2006) – Fort Smith Public Schools) in raising academic school achievement. Ms. Thomas earned her Masters' Degree in Public School Administration in May of 2001 at Oral Roberts University.

*Id.*

But Thomas "has failed to plead that [she] was qualified for the position[s] at issue" based on her alleged success as an instructional coach, department chair, or independent contractor. *Jenkins v. City of Dall.*, No. 3:22-cv-960-B, 2022 WL 6225559, at *8 (N.D. Tex. Oct. 6, 2022). Put a different way, Thomas "has not pled the requisite qualifications considered for [any of] the position[s that she applied for in Spring 2018] or how [her] previous experience supports [her] qualification for [these] role[s]." *Id.* And "[t]he Court cannot summarily conclude that [Thomas's] experience in [] wholly different role[s] automatically qualifies [her] for a promotion without sufficient information as to what [a specific] role entails." *Id.*

But, even if the Court were to find that Thomas has alleged that she was qualified, and while she identifies the ages of some of those who received positions

that she applied for, all under 40, *see* Dkt. No. 3 at 10, Thomas has not alleged that these younger individuals were similarly situated to her. That is, none of her allegations "at least raise an inference that [she] was treated less favorably than other similarly situated individuals outside her protected age group." *Magellan v. McAlleenan*, No. SA-19-cv-01410-OLG, 2020 WL 13561344, at *3 (W.D. Tex. Oct. 7, 2020) (citations omitted); *see Barnes v. Walters*, No. 3:21-cv-3099-X-BT, 2022 WL 18776172, at *4 (N.D. Tex. Sept. 7, 2022) (where "deficiencies in [a plaintiff's] pleadings prevent him from showing that he was, for purposes of the relevant promotions, similarly situated to the three younger employees who obtained them," "his claim does not bridge the gap from possibility to plausibility" (citations omitted)), *rec. accepted*, 2023 WL 2065058 (N.D. Tex. Feb. 16, 2023); *Culley*, 2021 WL 1799431, at *9 ("Although [plaintiff] appears to allege that a younger employee was treated more favorably, she alleges no facts to show that the younger employee was similarly situated." (citing *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003))).

The Court should therefore grant DISD's motion and dismiss the complaint.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Thomas an opportunity to explain how she would cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant her leave to amend her claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires,

FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Thomas fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should Defendant Dallas Independent School District's motion to dismiss [Dkt. No. 12] and dismiss this lawsuit with prejudice unless, within the time to file objections to these findings, conclusions, and recommendation, Plaintiff Deborah Ann Thomas shows a basis to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE